LEXINGTON AND WEST CAMBRIDGE RAILROAD COMPANY *vs.*
THOMAS A. STAPLES.

A notice that shares in a railroad corporation will be sold for nonpayment of assessments on a day fixed and by an auctioneer named, who is and has long been an auctioneer in the place at which the notice bears date, is insufficient, if it does not express the place of sale.

Three days' notice of the time and place and sale of shares in a railroad corporation for nonpayment of assessments, is unreasonably short, and therefore insufficient, if the proprietor resides at a distance.

ACTION OF CONTRACT upon the Rev. Sts. *c.* 39, § 53, to recover of a stockholder in a railroad corporation the balance of assessments on his shares, after deducting the amount obtained from a sale of the shares by auction. At the trial in this court, the plaintiffs proved the following facts :

The assessments were duly laid, the defendant had notice thereof, and refused to pay them.

The plaintiffs' by-laws provided thus: " The publication of instalments and sale of shares for nonpayment thereof shall be such as the directors shall order. In case of sale, the treasurer shall also notify the delinquent owner, when his residence is known, of the time and place of sale, by letter, seasonably put into the mail."

The plaintiffs' directors passed the following votes: On the 21st of March 1846, " that the treasurer, under the direction of counsel, be authorized and directed to take the necessary course in pursuing the remedy provided by law against those subscribers who have refused to pay their assessments:" On the 19th of October 1846, "that the treasurer notify every stockholder, who has neglected to pay any of the assessments upon his shares, that, unless they are paid within thirty days, they will be advertised and sold at auction:" On the 3d of May 1849, " that the treasurer be authorized and directed to take such steps as may be proper to collect all outstanding assessments."

On the 12th of December 1849, the plaintiffs' treasurer put into the post office at Boston, addressed to the defendant at Machias in the State of Maine, where the defendant resided, and in passing between which and Boston the mail usually takes from three to six days, the following letter: " Boston, December 12th 1849. Dear Sir: By a vote of the directors of the Lexington & West Cambridge R. R. Co. I am directed to notify all delinquent subscribers to the stock, that, unless the assessments were immediately paid, the same would be sold at public auction. Unless the above vote is complied with by the 25th inst., I shall advertise and sell the same at public auction on Monday 31st inst. by N. A. Thompson, auctioneer. Yrs, &c.
" Wm. Stevens, Treas'r."

The plaintiffs' treasurer, on the 27th of December 1849, employed Newell A. Thompson, then and for many years previously a duly licensed auctioneer in Boston, who had his office in the Old State House, to sell said shares by public auction on Monday, the 31st of said December, and directed him to give as much public notice of the sale, by advertising, as possible. And Thompson caused a notice to be published in four Boston newspapers, on the 28th, 29th and 31st days of said December, that these shares would be sold by him at public auction, at his office in the Old State House in Boston, at eleven o'clock A. M. on said 31st of December, for nonpayment of assessments and by order of the directors.

*Bigelow*, J. reserved for the consideration of the whole court,

44 *

upon this evidence, two questions, namely; whether the votes of the directors were a sufficient authority and direction to the treasurer to advertise and sell said shares by public auction ; and whether the letter to the defendant of December 12th 1849, and the advertisements in the newspapers, were a sufficient notice under the statute and the plaintiffs' by-laws.

*J. Dana,* for the plaintiffs.

*B. F. Hallett & B. Russell,* for the defendant.

SHAW, C. J.   This action for balance due for assessments, after a sale of the defendant's shares, cannot be maintained.   If the plaintiffs rely upon the statute remedy to recover the balance after selling the shares, they must comply with the conditions of the statute, and conform to the by-laws of the corporation regulating such sale ; and the notices made necessary to the exercise of that power must be given.   *Portland, Saco & Portsmouth Railroad Co.* v. *Graham,* 11 Met. 1.   Whatever may be the force and effect of by-laws of a corporation in regard to strangers, they are binding upon members ; and subscribers for shares are members.

In this case, the by-laws provided that the publication of notice of the sale of shares should be such as the directors should order.   But it does not appear that any notice was ordered by the directors.   The notice of sale, actually given by the treasurer to the defendant by letter, did not express the place where the sale would be held.

The notice of the time and place, as given by the advertisement of the auctioneer in several newspapers, was too short, and was not reasonable, in a case where the proprietor was well known to reside in a remote part of another state.

*Plaintiffs nonsuit.*